## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERRY ZETTLEMOYER, et al.** | : | **CIVIL ACTION NO. 1:05-CV-0092** |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PITTSBURGH GLAZING SYSTEMS,** | : | |
| **INC., et al.,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 9th day of November, 2005, upon consideration of the order

of court (Doc. 32) dated October 26, 2005, directing defendant Pittsburgh Glazing

Systems, Inc. ("Pittsburgh Glazing") to file a response, on or before November 2,

2005, showing cause why plaintiffs' motion for summary judgment (Doc. 26) should

not be granted, the order of court (Doc. 31) dated September 12, 2005, directing

Pittsburgh Glazing to file a brief in opposition to the motion for summary

judgment and a corresponding statement of facts on or before September 19, 2005,

and plaintiffs' motion for summary judgment (Doc. 26), and it appearing that

Pittsburgh Glazing has not filed a brief in opposition or corresponding statement

of facts as of the date of this order, see L.R. 7.6 (providing that a party who fails to

file a brief in opposition to a motion "shall be deemed not to oppose such motion");

see also L.R. 56.1 (stating that the moving party's statement of facts pursuant to a

motion for summary judgment will be deemed "admitted unless controverted" by

the opposing party), and that there are no genuine issues of material fact,[1] see FED.

R. CIV. P. 56(c); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 484 (M.D. Pa. 1998) ("[T]he

district court may not grant a motion for summary judgment . . . solely because the

motion is unopposed; such motions are subject to review for merit."); see also FED.

R. CIV. P. 56(e) ("If the adverse party does not so respond, summary judgment, *if*

*appropriate*, shall be entered against the adverse party." (emphasis added)), it is

hereby ORDERED that:

1.   The motion (Doc. 26) for summary judgment is GRANTED.  See FED.
     R. CIV. P. 56(e); see also L.R. 56.1.

2.   Plaintiffs shall submit, on or before November 23, 2005, an affidavit
     supporting the requested liquidated damages, interest, and attorney's
     fees.[2] See, e.g., In re Rite Aid Corp. v. Sec. Litig., 396 F.3d 294, 301-02,
     305 (3d Cir. 2005) (stating that courts are to conduct "robust" analysis
     of reasonableness of proffered fees in light of geographic area, nature
     of services provided, and experience of attorneys).

---

[1] Pittsburgh Glazing was obligated, under the Union Iron Worker Employers Association of Central Pennsylvania and Local Union No. 404 ("Agreement"), to make contributions to the Benefits Funds.  (Doc. 27 ¶¶ 1,4.)  It failed to make such contributions in April-August 2004.  (Doc. 27 ¶ 7.)  Pursuant to the Benefit Funds' Trust Agreements, incorporated into the Agreement, Pittsburgh Glazing owes interest and liquidated damages on the delinquent contributions.  (Doc. 27 ¶¶ 6, 11.) See 29 U.S.C. § 1132(g)(2).  Pittsburgh Glazing also owes reasonable attorney's fees and costs.  (Doc. 27 ¶ 12.)  See 29 U.S.C. § 1132(g)(2).  Pittsburgh Glazing has failed to proffer *any* evidence to rebut these claims.

[2] Plaintiffs' statement of material facts, deemed admitted by Pittsburgh Glazing, see L.R. 56.1, indicates that the Benefit Funds' Trust Agreements provided for interest and liquidated expenses.  (Doc. 27 ¶ 11.)  The relevant portions of the Trust Agreements, however, were not contained in the exhibits. In its affidavit, plaintiffs should provide the relevant portions of the Trust Agreements, the corresponding calculations of the requested amounts, and any other documents necessary to support the relief requested.

a.      Defendant Pittsburgh Glazing Systems, Inc. shall be permitted to file, on or before December 7, 2005, an appropriate response to the affidavit.

b.      Plaintiffs shall be permitted to file, on or before December 21, 2005, a reply to any such response.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge