IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERRY ZETTLEMOYER**, et al. : | CIVIL ACTION NO. 1:05-CV-0092 |
| : | |
| Plaintiffs : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **PITTSBURGH GLAZING SYSTEMS,** : | |
| **INC., et al.,** : | |
| : | |
| Defendants : | |

# ORDER

AND NOW, this 14th day of December, 2005, upon consideration of the affidavit (Doc. 34) supporting the liquidated damages, interest, and attorney's fees requested in plaintiffs' motion for summary judgment, and it appearing that the affidavit sets forth only unsupported averments of the amounts owed[1] and does not provide a basis for the figures set forth therein,[2] and the court finding that it is unable to determine the reasonableness of the attorney's fees requested without an itemization of the hours expended on this case or an analysis of the prevailing market rate, see In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir.

---

[1] The court notes that the total amounts claimed in the current itemization—$4,042.89 in interest, $4,482.70 in liquidated damages, and $18,153.12 in attorney's fees—differ significantly, without explanation, from the total amounts claimed in plaintiffs' motion for summary judgment—$9,232.13 in interest, $9,781.80 in liquidated damages, and $9,202.50 in attorney's fees. (Compare Doc. 34, Itemization, with Doc. 27 ¶¶ 11-12, and Doc. 28 at 7, and Doc. 29 ¶¶ 8-9).

[2] The order of court dated November 9, 2005, directed plaintiffs to provide the relevant portions of the Trust Agreements and the *corresponding calculations of the requested amounts*. (Doc. 33 at 2 n.2.)

2005) (stating that courts are to conduct "robust" analysis of the reasonableness of proffered fees in light of geographic area, nature of services provided, and experience of attorneys); see also Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005) ("[T]o determine the prevailing market rates in the relevant community, a court must assess the experience and skill of the . . . attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."), it is hereby ORDERED that:

1. Counsel for plaintiffs shall file, on or before January 4, 2006, supplemental documentation relevant to a determination of the reasonableness of the attorney's fees requested; to wit, affidavits setting forth: (i) an itemization of counsel's hours reasonably spent on this case, (ii) counsel's skills and experiences, and (iii) the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. See Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005).

2. Counsel for plaintiffs shall file, on or before January 4, 2006, supplemental documentation providing the calculations for the total amounts of interest and liquidated damages owed, including references to the specific provision(s) of the Trust Agreements and other documentation supporting the calculations. See supra notes 1-2.

3. Defendant Pittsburgh Glazing Systems, Inc. shall be permitted to file, on or before January 18, 2006, an appropriate response to plaintiffs' affidavit (Doc. 34) and plaintiffs' supplemental documentation.

4. Plaintiffs shall be permitted to file, on or before February 1, 2006, a reply to any such response.

  /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge