IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERRY ZETTLEMOYER**, et al. | : | CIVIL ACTION NO. 1:05-CV-0092 |
| Plaintiffs | : | (Judge Conner) |
| v. | : | |
| **PITTSBURGH GLAZING SYSTEMS, INC.**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 16th day of May, 2006, upon consideration of the affidavit (Doc. 36) supporting the interest, liquidated damages, and attorney's fees requested in plaintiffs' motion for summary judgment, see 29 U.S.C. § 1132(g)(2) (awarding interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs in an action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145), and it appearing that the affidavit sets forth the basis for the attorney's fees and costs requested, but that the affidavit does not set forth the total amount of interest or liquidated damages requested or the corresponding calculations of these amounts,[1] and that the affidavit contains conflicting

---

[1] The order of court dated December 14, 2005 directed plaintiffs to provide references to the specific provision(s) of the Trust Agreements supporting the calculations and the corresponding calculations of the requested amounts. (See Doc. 35 ¶ 2; Doc. 35 at 1 n.2) Although plaintiffs provided the trust agreements, plaintiffs did not specifically reference the applicable provision(s).

information regarding the interest and liquidated damages rates,[2] and the court finding that the fees requested are reasonable in light of counsel's experience, the nature of the services counsel provided to plaintiffs in this case, and the rates charged by comparable counsel in the geographic area for such services, see In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 301-02, 305 (3d Cir. 2005); see also Interfaith Cmty. Org. v. Honeywell, 426 F.3d 694, 708 (3d Cir. 2005), and that the costs requested are reasonable, it is hereby ORDERED that:

1. Judgment is entered in favor of plaintiffs and against defendant Pittsburgh Glazing Systems, Inc. in the amount of $18,324.22, consisting of $18,153.12 in reasonable attorney's fees and $171.10 in reasonable costs.  See 29 U.S.C. § 1132(g)(2)(D).

2. Counsel for plaintiffs shall file, on or before June 16, 2006, an affidavit providing the total amounts of interest and liquidated damages owed with their corresponding rates and supplemental documentation setting forth the corresponding calculations of the requested amounts.

   a. The supplemental documentation shall provide detailed calculations of the interest and liquidated damages on the unpaid contributions for each applicable month.

   b. Failure to provide the court with detailed calculations of the requested amounts shall result in the denial of the requested interest and/or liquidated damages.

---

[2] The affidavit provides that "the interest is calculated at an annual rate of twelve percent (12%), which amount is added to the previous unpaid balance for each additional month," but the attached letter provides that "the interest is calculated at an annual rate of eighteen percent (18%) of the balance of the unpaid contributions."  (Compare Doc. 36 at 2, with Doc. 36, Ex. 1 at 2.)  Likewise, the affidavit provides that "[l]iquidated damages are twenty percent (20%) of the balance of unpaid contributions," but the attached letter provides that "liquidated damages are ten percent (10%) of the balance of the unpaid contributions."  (Compare Doc. 36 at 2, with Doc. 36, Ex. 1 at 2.)

3.  Defendant Pittsburgh Glazing Systems, Inc. shall be permitted to file, on or before June 30, 2006, an appropriate response to plaintiffs' affidavit and supplemental documentation.

4.  Plaintiffs shall be permitted to file, on or before July 14, 2006, a reply to any such response.

        /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge